```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| JANIS PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-0188 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Janis Parker brings this action on behalf of her minor daughter ("TP") against the District of Columbia and Friendship Edison Public Charter School ("Edison"), alleging that Edison failed to evaluate TP comprehensively within the 120-day time period, and improperly found that TP did not qualify for special education services and benefits under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq. Defendants District of Columbia and Edison filed motions to dismiss the complaint for failure to file timely, and Parker moved to strike Edison's reply. Because Parker timely filed her complaint, defendants' motions will be denied. Because Edison's late reply does not prejudice Parker, her motion to strike will be denied.

### BACKGROUND

TP attends Edison, a school in the District of Columbia. (Am. Compl. ¶ 10.) On March 18, 2004, Parker asked that TP be

- 2 -

evaluated for eligibility for special education services and benefits. (Id. ¶ 14.) Edison had 120 days from the date of the request to complete an initial evaluation under D.C. Code § 38-2501. On July 22, 2004, Parker's counsel informed Edison that its 120-day period had expired. (Am. Compl. ¶ 18.) That same day, Parker also filed a due process hearing request. (Id. ¶ 19.) On August 12, 2004, a multidisciplinary team ("MDT") met to review psycho-educational, clinical and speech language evaluations to determine TP's eligibility for special education services and benefits. (Id. ¶ 29.) The MDT concluded that TP did not qualify for special education services, but determined that it would complete an occupational therapy evaluation, a functional behavioral assessment plan, a behavioral plan, and a Section 504[1] plan within thirty days from when school started. (Id. ¶ 36.)

On August 19, 2004, Parker rejected the MDT findings and asked the MDT to reconvene to determine whether additional testing was necessary. (Id. ¶ 37.) On September 27, 2004, Parker amended her due process hearing request, continuing to allege that the school failed to evaluate TP comprehensively within the 120-day limit, erred when it failed to find TP

---

[1] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, "prohibits discrimination against individuals with disabilities by recipients of federal financial assistance." Bragdon v. Abbott, 524 U.S. 624, 632 (1998).

- 3 -

eligible for services under IDEA, and failed to administer an appropriate evaluation.  (Id. ¶ 38.)

On October 12, 2004, the parties appeared before an independent hearing officer to address the amended due process hearing request.  (Id. ¶ 39.)  The hearing officer issued a decision on November 3, 2004, finding that there was no denial of a free and appropriate education and that Edison's decision to have a meeting in three months to develop a Section 504 plan was in TP's best interest.  (Id. ¶ 40.)

On November 30, 2004, Parker moved the hearing office to reconsider and on December 27, 2004, the hearing officer denied Parker's motion to reconsider.  (Id. ¶¶ 41, 42.)  Parker filed her complaint here on January 26, 2005 and amended it on February 9, 2005.  Defendants moved to dismiss the complaint for failure to file timely.  Parker filed a motion to strike Edison's reply as untimely.

## DISCUSSION

I.  STATUTE OF LIMITATIONS

Although Congress did not originally establish a statute of limitations for an appeal of a decision under IDEA to the district court, the D.C. Circuit borrowed the thirty-day appeal period for review of administrative decisions from D.C. Court of

- 4 -

Appeals Rule 15(a).[2]  <u>Spiegler v. District of Columbia</u>, 866 F.2d 461, 463-464 (D.C. Cir. 1989) (holding that when Congress has failed to establish a statute of limitation for a federal cause of action, "federal courts may 'borrow' one from an analogous state cause of action, provided that the state limitations period is not inconsistent with the underlying federal policies").[3]  The district court "must take the state's tolling rules with the underlying limitations period to the extent they are consistent with federal law."[4]  <u>Id.</u> at 469.

---

[2] District of Columbia Court of Appeals Rule 15(a) provides in part:
> Review of orders and decisions of an agency shall be obtained by filing with the clerk of this court a petition for review within thirty days after notice is given, in conformance with the rules or regulations of the agency, of the order or decision sought to be reviewed (unless an applicable statute provides for a different time for filing said petition).

[3] When <u>Spiegler</u> was decided, the federal statute governing IDEA did not include a limitation period for such actions, as the court noted.  <u>See</u> 866 F.2d at 464 (noting that 20 U.S.C. § 1415(i)(2) (2000) did not have a statutory period of limitations).  However, IDEA was amended in 2004 to include a 90-day statute of limitation under which an action must be brought.  20 U.S.C. § 1415(i)(2)(B) (West Supp. 2005).

[4] Edison claims that tolling the period for a motion to reconsider would not be consistent with federal law because no provision in IDEA gives a party the right to move to reconsider.  This argument is unpersuasive because "administrative agencies have inherent power to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."  <u>Prieto v. United States</u>, 655 F. Supp. 1187, 1191 (D.D.C. 1987); <u>see also</u> <u>Albertson v. FCC</u>, 182 F.2d 397 (D.C. Cir. 1950) (holding that "the power to reconsider is inherent in the

- 5 -

The District of Columbia Court of Appeals Rule 15 also includes a provision that terminates the running of the statute of limitations when a petition for rehearing or reconsideration is filed, and that restarts the period on the date the petition is denied.  D.C. Court of Appeals Rule 15(b).[5]  This provision also has been borrowed in IDEA litigation.  See R.S. v. District of Columbia,  292 F. Supp. 2d 23, 26-27 (D.D.C. 2003) (holding that the D.C. Court of Appeals Rule 15(b) applied in IDEA case to terminate the 30-day period when the plaintiff had moved for reconsideration before the hearing officer); Savoy-Kelly v. Eastern High School, Civil Action No. 04-1751, 2006 WL 1000346 (D.D.C. 2006) (citing R.S. with approval).

Here, the hearing officer denied the due process hearing request on November 3, 2004.  Twenty-seven days later on November 30, 2004, Parker moved before the hearing officer for reconsideration of his decision, terminating the 30-day period.

---

power to decide"); Trujillo v. General Electric Co., 621 F.2d 1084, 1086 (10th Cir. 1980).

[5] District of Columbia Court of Appeals Rule 15(b) provides:
    The running of the time for filing a petition for review is terminated as to all parties by the timely filing, pursuant to the rules of the agency, of a petition for rehearing or reconsideration.  The time for filing a petition for review as fixed by section (a) of this rule commences from the date when notice of the order denying the petition is given pursuant to section (a) of this rule.
D.C. Court of Appeals Rule 15(b).

- 6 -

The officer denied the motion to reconsider on December 27, 2004, restarting the 30-day period under D.C. Court of Appeals Rule 15(b). Parker then filed her complaint, on time, thirty days later, on January 26, 2005.[6] Because she filed her complaint within the 30-day period, defendants' motions to dismiss will be denied.

II.  PLAINTIFF'S MOTION TO STRIKE

Parker filed a motion to strike Edison's reply brief for failure to comport with the reply deadline of Local Civil Rule 7(d). Edison's reply brief was filed late and was not accompanied by a request for leave of the court to do so. Edison attributed its failure to file the reply timely to an unexplained office error, but the failure has not prejudiced Parker. Parker's motion to strike will be denied. Edison is reminded that failure to file timely or to request leave from the court to file late may result in future late filings being stricken.

## **CONCLUSION AND ORDER**

Parker filed the original complaint for the instant case within the thirty-day statute of limitations. Therefore, it is hereby

---

[6] The District of Columbia acknowledges that a complaint filed in this case would be timely if filed on January 26, 2005, but insists that Parker filed her complaint on February 9, 2005. (D.C. Mot. to Dismiss at 4.) In fact, Parker did file her complaint on January 26, 2005, and she amended it on February 9, 2005. (See Compl. at 1; Am. Compl. at 1.)

- 7 -

ORDERED that defendants' motions to dismiss [8 & 10] be, and hereby are, DENIED.  It is further

ORDERED that plaintiff's motion to strike [14] defendant Edison's reply be, and hereby is, DENIED.

SIGNED this 19th day of May, 2006.

                                                 /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge